Gibson, J.
It is conceded that the judgment of the Court of Appeals in case No. 6801 has not been obeyed, and that relatrix has not been restored “to the highest remaining number in the classification she held on December 31, 1959, giving effect to the requirement that she suffer no reduction in salary”. There being no appeal from such judgment fixing relatrix’s civil-service classification, the matter is res judicata. Further, the judgment is not subject to collateral attack. It also is conceded, as it obviously must be, that the respondents as successors in office of the respondents in case No. 6801 are bound by that judgment.
Respondents seek to avoid the effect of the judgment in ease No. 6801, on the basis of waiver or estoppel. They contend that relatrix intended to abandon her classified civil-service rights by her purported resignation of March 29, 1961, and her acceptance of two positions, viz., exempted clerk typist III and librarian I, in the unclassified service. We do not believe that her resignation, if it were effective as such, from a position to which the Court of Appeals said she was illegally and involuntarily assigned can reasonably imply any intent to abandon her claim to the restoration of her legal rights. Nor do we believe that acceptance of the exempted position of clerk typist III or the unclassified position of librarian I indicates any such intent. In fact, one who has been illegally deprived of civil-service rights is entitled to seek, and indeed has a duty to seek, employment to mitigate the loss of income pending a determination of those rights. In this connection, relatrix asserts that, if she has taken any inconsistent employment during this litigation, it has been out of economic necessity and her desire to mitigate damages.
Respondents contend that the Court of Appeals exceeded its jurisdiction in the instant case by issuing a writ granting to relatrix status as a certified employee on the basis of Section 3 of House Bill No. 126 (129 Ohio Laws, 1079, 1081), since the opinion in case No. 6801 does not mention House Bill No. 126. As the Court of Appeals noted, there was no proof that relatrix was replaced by the appointment of a certified person to her position either before or after the effective date of House *92 Bill No. 126. Although certification is not mentioned in the opinion in case No. 6801, had respondents complied with the judgment in such case relatrix would have acquired certified status under House Bill No. 126 by operation of law.
Respondents contend also that relatrix’s right to relief in mandamus is barred by the doctrine of laches. In opposition to this contention, relatrix points out that the Attorney General was not re-elected, and that after two months of fruitless negotiation with the new administration she was forced to bring this action in mandamus. Under all the circumstances of this case, we can not say that relatrix is guilty of laches in bringing her action for a writ of mandamus to compel the respondents to comply with the judgment of the Court of Appeals in case No. 6801.
For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias and Griffith, JJ., concur.
Herbert, J., dissents.
O’Neill, J., not participating.